**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| **KAREN MARTIE,** individually, and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>**M&M BEDDING, LLC** d/b/a **EASY REST ADJUSTABLE SLEEP SYSTEMS**<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Karen Martie ("Martie" or "Plaintiff") brings this Class Action Complaint and Demand for Jury Trial against Defendant M&M Bedding, LLC. ("Easy Rest" or "Defendant") to stop Easy Rest from violating the Telephone Consumer Protection Act by making unsolicited calls to consumers who registered their phone numbers on the National Do Not Call Registry (DNC), and to other obtain injunctive and monetary relief for all persons injured by Easy Rest's conduct. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

### INTRODUCTION

1.      Easy Rest sells adjustable beds through distributors that are located throughout the US.[1]

2.      East Rest is a d/b/a of M&M Bedding, LLC.

3.      In order to promote its line of adjustable beds, Easy Rest hosts regular sweepstakes for which consumers can win a free bed, free pillow, or a combination of the two.

---

[1] https://www.easyrest.com/easy-rest-adjustable-bed-sleep-system-distributors/

4.      Relevant to this case, Plaintiff was contacted about the "Easy Rest Win-A-Bed-Sweepstakes" that as of (January 23, 2019) was advertised on Easy Rest's website:



5.      The sweepstakes is run so that Defendant can gather consumer phone numbers so that it can solicit adjustable bed purchases from those consumers.

6.      Unfortunately, Defendant is not careful to ensure it has sufficient consent to call consumers that have registered their phone numbers on the DNC.

7.      In Plaintiff's case, Defendant placed 9 unsolicited calls to her landline phone number, despite the fact that she never signed up for any sweepstakes and that her phone number is registered on the DNC, and despite her requests for the calls to stop.

8.      In response to these calls, Plaintiff files this lawsuit seeking injunctive relief, requiring Defendant to cease placing unsolicited calls to consumers' telephone numbers when those telephone numbers are registered on the DNC, as well as an award of statutory damages to the members of the Class and costs.

## PARTIES

9.      Plaintiff Martie is a Fort Myers, Florida resident.

---

[2] https://www.easyrest.com

10.     Defendant Easy Rest is a Maryland corporation headquartered in Halethorpe, Maryland. Defendant conducts business throughout this District and the State of Maryland.

## JURISDICTION AND VENUE

11.     This Court has federal question subject matter jurisdiction over this action under 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

12.     This Court has personal jurisdiction over Defendant and venue is proper in this District under 28 U.S.C. § 1391(b) because the wrongful conduct giving rise to this case occurred in this District. Venue is additionally proper because Plaintiff resides in this District and the calls were directed towards Plaintiff in this District.

## COMMON ALLEGATIONS

**Easy Rest Markets its Services by Making Unsolicited Calls to Consumers Without Their Consent and Regardless of Whether Their Phone Numbers Are Registered on the National Do Not Call Registry**

13.     Easy Rest places unsolicited calls to consumers, without consent, regardless of whether they are calling numbers that are registered on the DNC.

14.     The unsolicited calls are primarily made in reference to sweepstakes and contests that Defendant runs.

15.     Not surprisingly, there are numerous online complaints about Defendant's calls to consumers who never consented to be called and in addition to consumers who have expressly requested that the calls stop:

- "Idiots from 'east rest adjustable beds' keeps calling and says that you filled out a sweepstakes entry with your phone number on it……I never ever fill out 'sweepstakes entries' since they are usually scams, as this proves. They use a spoofed local area code number despite calling from Baltimore, MD. Further proof of their scam."[3]
- "called said I had signed up for info on bed I havent signed up for anything."[4]
- "Keep calling even though I told them I was not interest in their free pillow."[5]
- "Continual calls from this number- a big annoyance"[6]
- "Keeps calling [in spite] of the fact that I requested to stop calling & to take my number off their list. 2-3 calls per day. This is harassment."[7]
- "they keep calling even though i tell them not to call anymore"[8]
- My third call today this time selling mattresses and 2nd time I tell them I'm on a Do Not Call List. These scammers don't give up."[9]
- "This says easy rest company, they have called over 15 times. I never requested any information from them. I finally blocked them over a month ago, but they are still calling"[10]
- "… He continuously stated that 'I' must have filled out for the Sweepstakes, which is actually going on now, btw. When I wouldn't take his answer and pushed him to look up my number he finally confirmed that this was not me and was never me who called in. He also stated that 'I' must have called or filled out an application… I have never made contact in any way with this company."[11]
- "Repeated calls, robo calling. Needs to be shut down."[12]

16.     The phone calls made by, or on behalf of Easy Rest have caused frustration and actual harm to consumers throughout the US.

## PLAINTIFF'S ALLEGATIONS

**Easy Rest Repeatedly Called Plaintiff Without Her Consent, Despite Plaintiff Registering Her Phone Number on the DNC**

---

[3] https://800notes.com/Phone.aspx/1-903-771-4988
[4] *id*
[5] https://800notes.com/Phone.aspx/1-877-331-4052/3
[6] *id*
[7] *id*
[8] *id*
[9] https://800notes.com/Phone.aspx/1-530-554-2372
[10] https://www.whitepages.com/phone/1-877-331-4052
[11] https://findwhocallsyou.com/8773314052?CallerInfo
[12] *id*

17.     Plaintiff's landline phone is used for personal use and is not associated with a business.

18.     Plaintiff has had her landline phone number registered on the DNC since June 9, 2003. The landline number was registered in order to avoid receiving unsolicited telemarketing calls.

19.     More than 30 days after Plaintiff registering her phone number on the DNC, Plaintiff received unsolicited calls to her landline telephone number from Defendant using phone number 239-676-6106.

20.     Upon research done by Plaintiff's attorneys, when 239-676-6106 is called, the agents identify the company as being Easy Rest and make reference to a sweepstakes.

21.     On January 8, 2019, Plaintiff received calls from Defendant using phone number 239-676-6106 at 8:03 AM, 1:28 PM, 2:58 PM, 4:23 PM, 6:08 PM, 7:37 PM and 8:58 PM.

22.     All of the aforementioned calls on January 8, 2019 were answered by Plaintiff.

23.     Plaintiff asked the live agents to stop calling her on January 8, 2019 during the calls she received at 7:37 PM and 8:58 PM. During the 8:58 PM call, when Plaintiff asked the agent to stop calling her phone number, the agent hung up on her.

24.     Despite asking for the calls to stop, Plaintiff received additional calls on January 9, 2019 from Defendant using phone number 239-676-6106. Plaintiff received calls at 5:59 PM and 7:30 PM, both of which she answered.

25.     During the January 9, 2019 call Plaintiff received at 7:30 PM, Plaintiff informed the agent that she had already asked twice for the calls to stop and that she had never given consent for any of the calls in the first place. The agent acknowledged this complaint, commenting that Plaintiff was the fourth person that day who said they did not sign-up for anything. He then said it would take at least 24 hours to process the stop call request.

26.     When Plaintiff answered calls from Defendant, the live agents identified the company as being Easy Rest Adjustable Beds.

27.     It is unreasonable for Defendant to use a system that cannot stop the calls as soon as the consumer asks for the calls to stop. In Plaintiff's case, she received 3 additional unsolicited calls after she had already asked for the calls to stop.

28.     Plaintiff has never done business with Defendant and has never provided her landline phone number to Defendant.

29.     Simply put, Easy Rest did not obtain Plaintiff's prior express written consent to place solicitous telephone calls to her on her landline.

30.     The unauthorized telephone calls made by Easy Rest, as alleged herein, have harmed Plaintiff in the form of annoyance, nuisance, and invasion of privacy, and disturbed Martie's use and enjoyment of her landline phone, in addition to the wear and tear on the phones' hardware (including the phones' battery) and the consumption of memory on the phone.

31.     On information and belief, Defendant, or a third-party acting on its behalf, made substantively identical, repeated unsolicited calls *en masse* to the telephone numbers of hundreds or thousands of consumers who had registered their phone numbers on the DNC.  To the extent the calls were made on Defendant's behalf to consumers, Easy Rest provided the third-party access to its records, authorized use of its trade name, otherwise controlled the content of the calls, and knew of, but failed to stop, the making of the calls in violation of the TCPA.

32.     Seeking redress for these injuries, Martie, on behalf of herself and Class of similarly situated individuals, brings suit under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, which prohibits unsolicited calls to telephone numbers registered on the DNC.

## CLASS ALLEGATIONS

**Class Treatment Is Appropriate for Plaintiff's TCPA Claims Arising From Calls Made by Easy Rest Agents**

33.     Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following two Classes:

> **Do Not Call Registry Class**: All persons in the United States who from four years prior to the filing of this action (1) Defendant (or an agent acting on behalf of Defendant) called more than one time on his/her residential telephone; (2) within any 12-month period (3) where the residential telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims (a) it obtained prior express written consent in the same manner as Defendant claims it supposedly obtained prior express written consent to call the Plaintiff, or (b) Defendant did not obtain prior express written consent.

> **Internal DNC Class:** All persons in the United States who from four years prior to the filing of this action (1) one of Defendant's agents called more than one time (2) within any 12-month period, (3) for substantially the same reason Defendants' agents called Plaintiff.

34.     The following individuals are excluded from the Classes: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Classes; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the Class definitions following appropriate discovery.

35.     **Numerosity**: On information and belief, there are hundreds, if not thousands of members of the Classes such that joinder of all members is impracticable.

36.     **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common questions for the Classes include, but are not necessarily limited to the following:

    (a) whether Defendant systematically made multiple telephone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry;

    (b) whether Defendant placed two or more phone calls to Plaintiff and consumers whose telephone numbers were registered with the National Do Not Call Registry, after they asked for the calls to stop;

    (c) whether Defendants failed to implement policies and procedures for maintaining a list of persons who request not to be called by Defendants before engaging in telemarketing;

    (d) whether Defendant's conduct constitutes a violation of the TCPA; and

    (e) whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

37.     **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in class actions. Plaintiff has no interests antagonistic to those of the Classes, and Defendant has no defenses unique to Plaintiff. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the members of the Classes, and have the financial resources to do so. Neither Plaintiff nor her counsel have any interests adverse to the Classes.

38.     **Appropriateness**: This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Classes and as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Classes and making final class-wide injunctive relief appropriate. Defendant's business practices apply to and affect the members of the Classes uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with

respect to the Classes as wholes, not on facts or law applicable only to Plaintiffs. Additionally, the damages suffered by individual members of the Classes will likely be small relative to the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the members of the Classes to obtain effective relief from Defendant's misconduct on an individual basis. A class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured.

### FIRST CAUSE OF ACTION
**Telephone Consumer Protection Act**
**(Violation of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff Martie and the Do Not Call Registry Class)**

39.     Plaintiff repeats and realleges the paragraphs 1 through 38 of this Complaint and incorporates them by reference herein.

40.     The TCPA's implementing regulation, 47 C.F.R. § 64.1200(c), provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government."

41.     47 C.F.R. § 64.1200(e), provides that § 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers."[13]

42.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or

---

[13] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003) Available at https://apps.fcc.gov/edocs_public/attachmatch/FCC-03-153A1.pdf

entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity."

43.     Any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" may bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.  47 U.S.C. § 227(c).

44.     Defendant violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, telephone solicitations to telephone subscribers such as Plaintiff and the Do Not Call Registry Class members who registered their respective telephone numbers on the National Do Not Call Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

45.     Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Do Not Call Registry Class received more than one telephone call in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Do Not Call Registry Class suffered actual damages and, under section 47 U.S.C. § 227(c), are entitled, *inter alia*, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

46.     To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Do Not Call Registry Class.

<u>**SECOND CAUSE OF ACTION**</u>
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Internal DNC Class)**

47.     Plaintiff repeats and realleges paragraphs 1 through 38 of this Complaint and incorporates them by reference.

48.     Under 47 C.F.R. § 64.1200(d):  No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

(1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.

(2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.

(3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request. If such requests are recorded or maintained by a party other than the person or entity on whose behalf the telemarketing call is made, the person or entity on whose behalf the telemarketing call is made will be liable for any failures to honor the do-not-call request. A person or entity making a call for telemarketing purposes must obtain a consumer's prior express permission to share or forward the consumer's request not to be called to a party other than the person or entity on whose behalf a telemarketing call is made or an affiliated entity.

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

47 C.F.R. § 64.1200(d).

49.     The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

50.     Defendant's agents initiated telephone solicitations to Plaintiff and members of the Internal DNC Class notwithstanding Defendant and/or its agent's failure to implement internal procedures for maintaining a list of persons who request not to be called and/or by implementing procedures that do not meet the minimum standards for initiating telemarketing calls.

51.     Defendant has, therefore, violated 47 U.S.C. § 227(c)(5). As a result of Defendant's conduct, Plaintiff and the other members of the Internal DNC class are each entitled to up to $1,500 for each violation.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

a) An order certifying the Classes as defined above; appointing Plaintiff as the representative of the Classes; and appointing his attorneys as Class Counsel;

b) An award of actual and/or statutory damages;

c) An order declaring that Defendant's actions, as set out above, violate the TCPA;

d) An injunction requiring Defendant to cease all unsolicited calling activity, to implement sufficient TCPA related policies and procedures, and to otherwise protect the interests of the Classes; and

e) Such further and other relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff requests a jury trial.

Respectfully Submitted,

**KAREN MARTIE**, individually and on behalf of those similarly situated individuals

Dated: January 20, 2020

By: _/s/ Stefan Coleman_
Stefan Coleman (FL Bar No. 30188)
Law Offices of Stefan Coleman, P.A.
law@stefancoleman.com
201 S. Biscayne Blvd, 28th Floor
Miami, FL 33131
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (FL Bar No. 84382)*
kaufman@kaufmanpa.com
KAUFMAN P.A.
400 NW 26th Street
Miami, FL 33127
Telephone: (305) 469-5881
*Trial Counsel

_Attorneys for Plaintiff and the putative Class_