UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREN MARTIE, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

    Case No:   2: 20-cv-43-FtM-38NPM

M&M BEDDING, LLC,

    Defendant.

## ORDER

Before the Court is the Court on the Motion for Leave to Take Discovery and Extend Class Certification Deadline, filed on April 17, 2020. (Doc. 12). Plaintiff Karen Martie requests leave to take discovery as to the identity of putative class members and determine the amount of damages they are entitled to in advance of seeking class certification and a default judgment. (*Id.* at 1). Plaintiff also requests an extension of the Rule 4.04(b) deadline to file her motion for class certification.

Plaintiff brought this action under the Telephone Consumer Protection Act, claiming Defendant made unsolicited calls to consumers who registered their phones on the National Do Not Call Registry. (Doc. 1 at 1). Plaintiff also seeks to represent a class of putative plaintiffs pursuant to Federal Rule of Civil Procedure 23 and seeks certification. (*Id.* at 7-9). When Defendant M & M Bedding, Inc. failed to respond to the Complaint, Plaintiff sought and obtained a clerk's default against it. (Docs. 9, 10). Plaintiff seeks discovery to identify recipients of Defendant's calls and to determine the total number of calls each class member received to calculate damages. (Doc. 12 at 2). Plaintiff requests leave to serve discovery on Defendant and on third parties to obtain call logs.

Under Federal Rule of Civil Procedure 23, all putative classes "must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." *Calderone v. Scott*, 838 F.3d 1101, 1104 (11th Cir. 2016) (citation omitted). "Rule 23(a) requires every putative class to satisfy the prerequisites of numerosity, commonality, typicality, and adequacy of representation." *Id.* The party moving for class certification has the burden to establish all implicit and explicit requirements of Rule 23. *Bussey v. Macon Cty. Greyhound Park*, Inc., 562 F. App'x 782, 787 (11th Cir. 2014); *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003). Plaintiff's burden to establish these requirements continues even in the case, such as here, where a clerk's default has been entered against the defendant. *Saade v. Insel Air*, No. 17-22003-CIV, 2019 WL 2255580, *2 (S.D. Fla. Apr. 4, 2019). "A court may therefore only certify a class action if the court is satisfied, after a rigorous analysis, that the prerequisites of Federal Rule of Civil Procedure 23 have been met." *Id.* (citing *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir. 1984)).

As a result, Plaintiff must establish the prerequisites of Rule 23 in order for this Court to certify a class action. *Leo v. Classmoney.net*, No. 18-CV-80813, 2019 WL 238548, *2 (S.D. Fla. Jan. 10, 2019). "It would be unjust to prevent Plaintiff from attempting to demonstrate the elements for certification of a class without the benefit of discovery," due to Defendant's failure to participate in this case. *Id.* Therefore, the Court finds good cause to extend Local Rule 4.04(b)'s deadline and allow Plaintiff an additional ninety days to conduct discovery and file a motion for class certification.[1]

---

[1] Local Rule 4.04(b) requires a party to file a motion for class certification within ninety days following the filing of the initial complaint.

Accordingly, it is hereby **ORDERED**:

(1) The Motion for Leave to Take Discovery and Extend Class Certification Deadline (Doc. 12) is **GRANTED**.

(2) By August 19, 2020, Plaintiff will complete all class discovery and file her motion for class certification.

**DONE** and **ORDERED** in Fort Myers, Florida on May 18, 2020.

*/s/ Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties