UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KAREN MARTIE,

    Plaintiff,

v.                                             Case No. 2:20-cv-43-FtM-SPC-NPM

M&M BEDDING, LLC,
d/b/a EASY REST
ADJUSTABLE SLEEP SYSTEMS

    Defendant.

# ORDER

Before the Court is Defendant's Motion to Set Aside Clerk's Default and for Leave to Respond to Complaint (Doc. 15) and Plaintiff Karen Martie's Response in opposition (Doc. 16).[1] With leave of Court, Defendant M&M Bedding, LLC (also sometimes referred to as "Easy Rest") filed a Reply (Doc. 20), and Martie filed a Sur-Reply (Doc. 21). For the reasons discussed below, M&M Bedding's motion is denied.

"The court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). "Good cause" is a mutable standard, varying from situation to situation." *Compania Interamericana Export–Import, S.A. v. Compania Dominicana*, 88 F.3d

---

[1] Pursuant to 28 U.S.C. § 636(b)(1)(A), this motion was referred to the assigned Magistrate Judge for disposition by an order subject to any Rule 72(a) objections. *See* Local Rule 1.02.

948, 951 (11th Cir. 1996)). And it is less rigorous than the standard to set aside a default judgment under Rule 60(b). *Retina-X Studios, LLC v. ADVAA, LLC*, 303 F.R.D. 642, 656 (M.D. Fla. 2014) (citing *African Methodist Episcopal Church, Inc. v. Ward*, 185 F.3d 1201, 1202 (11th Cir. 1999)). But it is "not so elastic as to be devoid of substance." *Compania*, 88 F.3d at 951; *see, e.g.*, *Carlisle v. Nat'l Comm. Services, Inc.*, 722 F. App'x 864, 866 (11th Cir. 2018) (affirming refusal to set aside clerk's default that had been entered "due to [defense] counsel's carelessness in monitoring the lawsuit").

While this good cause standard is not susceptible to a precise formula, and defaults are generally disfavored given the judicial preference to resolve cases on their merits, courts have generally considered whether the defaulted defendant acted promptly to correct the default and present a meritorious defense, whether setting aside the default would prejudice the party in whose benefit it was entered, and whether the defendant had defaulted willfully "by displaying either an intentional or reckless disregard for the judicial proceedings." *S.E.C. v. Johnson*, 436 F. App'x 939, 945 (11th Cir. 2011) (quoting *Compania*, 88 F.3d at 951-952)). But when a default was willful, "the court need make no other findings in denying relief." *Id*. Thus, when a defendant makes a strategic choice to forego the filing of a timely response in an attempt to avoid litigation expense—and even if that choice is made in conjunction with an attempt to effect a settlement—it is well within the discretion

2

of a district court to deem the default willful and refuse to set it aside. *See Annon Consulting, Inc. v. BioNitrogen Holdings Corp.*, 650 F. App'x 729, 732 (11th Cir. 2016) (affirming $1.2 million default judgment). Such was the deliberate strategy adopted by M&M Bedding.

Martie initiated this Telephone Consumer Protection Act ("TCPA") suit on behalf of herself and two proposed classes on January 20, 2020. (Doc. 1). By February 7, 2020, Martie had promptly effected service of process. (Doc. 8). And as expressly stated in the Court's summons to M&M Bedding:

> Within 21 days after service of this summons on you (not counting the day you received it) … you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney …. If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

(Doc. 3). Thus, on pain of default, the Court demanded a response from M&M Bedding by February 28, 2020.

As it turns out, M&M Bedding had more than 21 days to either prepare and file a response or seek more time to do so. As explained in an affidavit from its initial counsel, Adam Solomon, M&M Bedding received a copy of the complaint on or about January 29, 2020, and it retained Solomon two days later "to inquire about potential resolution." (Doc. 15-1, ¶ 4).

3

But Solomon waited until February 10 to contact Martie's counsel, and he spoke with Martie's counsel on February 13. (*Id.*, ¶¶ 5-7). Solomon further attests to having "frequent communication" with Martie's counsel over the next four weeks. (*Id.*, ¶ 8). And during this time, M&M Bedding allowed its February 28 deadline to come and go without paying any heed to the Court's demand for a response.

In fact, on March 12, 2020, Martie's counsel emailed Solomon: "Easy Rest's response to the complaint was due 2/28; does it intend to file a response?" (Doc. 16-1, ¶ 7). While Solomon avers that he switched his work environment from his office to his home that month due to the COVID-19 pandemic, he immediately responded to the March 12 email and asked Martie's counsel to speak with him by phone the next day. (Doc. 15-1, ¶ 10; Doc. 16-1, ¶ 8). During the March 13 phone call, Solomon did not indicate that COVID-19 posed any impairment to M&M Bedding's ability to respond to the complaint or otherwise participate in this action. (Doc. 16-1, ¶ 9). Nevertheless, and despite plaintiff counsel's prompting, M&M Bedding apparently conveyed no interest in either responding to the complaint or obtaining more time to respond. So, during the call, Martie's counsel expressly stated that if M&M Bedding did not respond to the complaint by March 20, Martie would move for a default. (Doc. 16-1, ¶ 9). And M&M Bedding responded to this deadline the same way it responded to the deadline in the summons; it simply disregarded it.

On March 23, 2020, Martie moved for a clerk's default. (Doc. 9). Coincidently, Solomon emailed some documents to Martie's counsel the next day in an apparent attempt to dissuade Martie from pursuing this action any further. (Doc. 15-1, ¶ 9). The Court allowed the 14-day response period to expire for the motion, examined the matter, and entered an order on April 10, 2020, directing the Clerk to enter a default. (Docs. 10, 11). One week later, Martie moved for an extension of time to both complete class certification discovery and file a motion to certify her proposed classes, which the Court granted on May 18, 2020. (Docs. 12, 13).

Martie's counsel then sent an email to Solomon on May 29 transmitting the default, the order concerning class certification discovery and briefing, a subpoena for documents returnable on June 15, 2020, and a request that Solomon accept the email as service of the subpoena on M&M Bedding. (Doc. 16-1, ¶ 13). On June 3, Solomon wrote back with an evident lack of surprise, saying little more than: "I will provide a response after I speak with my client." (Doc. 16-1, p. 20).[2] In the meantime, Martie formally served the same items on M&M Bedding via its registered agent on June 5. (Doc. 16-1, ¶ 15).

---

[2] Even though attorney Solomon undoubtedly knows that the docket in this action is a matter of public record and easily accessible via the Internet, he states under oath that neither he nor M&M Bedding "were ever aware of any motion for clerk's default" until he observed plaintiff counsel's May 29 email on June 3. (Doc. 15-1, P 11). Thus, like the defaulted defendant in *Carlisle v. Nat'l Comm. Services, Inc.*, 722 F. App'x 864, 866 (11th Cir. 2018) defense counsel here adopted a cavalier "carelessness in monitoring the lawsuit."

Confronted with the Court's orders granting a default and extending the time for Martie to obtain discovery from M&M Bedding in support of class certification, one would expect the Defendant to immediately appear in Court to seek relief from the default, or make a diligent effort to obtain Plaintiff's consent to the filing of an untimely answer and an order vacating the default. *See, e.g.*, *Sherrard v. Macy's System and Technology Inc.*, 724 F. App'x. 736, 738-739 (11th Cir. 2018) (affirming order granting motion to set aside clerk's default that defendant filed one day after discovering it had been served with process). But M&M Bedding did nothing of the sort. Instead, without alluding to any basis for or intent to seek relief from the default, M&M Bedding stuck to its (obviously floundering) effort to get Martie to abandon this suit, and asked her counsel during a June 15 phone call (twelve days after its professed awareness of the default) to make a settlement demand. (Doc. 16-1, ¶ 17).

Martie's counsel followed up on June 17 about the class certification discovery and was met with silence. (Doc. 16-1, ¶¶ 18-19). Eight days later, Martie's counsel advised the defense that he would soon seek the Court's assistance to obtain the requested class certification discovery. (Doc. 16-1, ¶ 19). M&M Bedding responded the next day by having its Florida counsel file the instant motion to set aside its default.

With respect to whether the default was willful, M&M Bedding's motion papers tacitly admit that its failure to comply with the demands of the Court's

summons was no mistake, and was instead the result of a deliberate choice by a represented party to forego any litigation activity in the hope that it could otherwise convince Martie to dismiss this action. (Doc. 15, p. 4). Furthermore, the timeline dispels any notion that COVID-19 serves as any excuse. By February 28, 2020 (three weeks after service and more than four weeks after it had received a copy of the complaint), M&M Bedding needed to file a response to the complaint or ask the Court for more time respond. And from February 13 to March 13, its counsel was in frequent communication with Martie's counsel. Thus, it is plainly evident that if M&M Bedding had desired to take any appropriate action in response to the summons, COVID-19 posed no impediment.

Even though M&M Bedding was ostensibly pursuing an extra-judicial resolution of this matter, its conduct amounts to reckless disregard for judicial proceedings because, with full knowledge of the suit, it simply chose to ignore the demands of the Court's summons. *See Carlisle v. Nat'l Commercial Servs., Inc.*, No. 1:14-CV-515-TWT, 2015 WL 4092817, *8 (N.D. Ga. July 7, 2015), *aff'd*, 722 F. App'x 864 (11th Cir. 2018). While Solomon avers that he and M&M Bedding "have the utmost respect for the courts and the legal process" (Doc. 15-1, ¶ 13), the age-old adage holds true: actions speak louder than words.

If M&M Bedding had an appropriate respect for the courts and legal process, it would have paid appropriate heed to the summons and timely filed either a

7

response to the complaint or a motion for more time to respond.[3] The deadline for responding to a complaint is no less important than any other deadline in the course of litigation, and unjustified failures to heed litigation deadlines have consequences; especially when the failures are deliberate. Here, the facts compel a finding that the default was willful and the request to set it aside should therefore be denied. Because the default is due to a reckless disregard for judicial proceedings, the Court may leave it undisturbed without making any other findings concerning prejudice or any other often-considered factor related to setting aside defaults. *Compania*, 88 F.3d at 951-952.

Notably, this does not mean that Martie is entitled to a class action judgment by default. Rather, it means that M&M Bedding has sacrificed its ability to file a responsive pleading and has admitted to any well-pleaded allegations of fact "other than one relating to the amount of damages." *See* Fed. R. Civ. P. 8(b)(6); *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007); *see generally* 10A Charles Alan Wright, et al., FEDERAL PRACTICE AND PROCEDURE § 2688.1 (4th ed. 2016). And it does not mean that M&M Bedding has admitted to any conclusions of law, such as the legal sufficiency of Martie's theories of recovery as pleaded, or

---

[3] When pre-answer settlement negotiations appear likely to resolve the matter, defendants who have not appeared but are nevertheless mindful of their obligations to the Court request that plaintiff counsel file a joint motion to extend the answer deadline. But M&M Bedding held fast to its decision to act as if the deadline in the summons did not exist.

whether any class should be certified. *Cotton v. Massachusetts Mut. Life Ins. Co.*, 402 F.3d 1267, 1277-1280 (11th Cir. 2005) (reversing judgment because defaulted defendant successfully challenged the legal sufficiency of plaintiff's claim); *Tyco Fire & Sec.*, 218 F. App'x at 863-864 ("the defendant, even though in default, is still entitled to contest the sufficiency of the complaint and its allegations to support the judgment being sought;" and can "defend by challenging the jurisdiction of the court;" but "is not entitled to raise any other defenses"); *Partington v. American Intern. Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006) ("although a default judgment has the effect of deeming all factual allegations in the complaint admitted, it does not also have the effect of 'admitting' the independent legal question of class certification"). By virtue of its appearance, M&M Bedding is entitled to notice of all future filings and to be heard concerning the propriety of any remedies and the questions of law that underlie them. *See* Fed. R. Civ. P. 5(a), 55(b)(2); *S.E.C. v. Smyth*, 420 F.3d 1225, 1231-1232 (11th Cir. 2005) ("if an evidentiary hearing or other proceedings are necessary in order to determine what the judgment should provide, such as the amount of damages that the defaulting defendant must pay, those proceedings must be conducted before the judgment is entered"); *see generally* 10 James Wm. Moore, et al., MOORE'S FEDERAL PRACTICE §§ 55.10, 55.32, 55.33 (3d ed. 2020).

Moreover, and as M&M Bedding concedes (Doc. 20, p. 3, n. 2), it is subject to the tools of discovery as a party to this action. *Minx, Inc. v. West*, No. 2:11-cv-00895-BSJ, 2011 WL 5844486, *2 (D. Utah Nov. 21, 2011) (it would be "nonsensical for a defaulted party to be considered a nonparty" because default judgments are not entered against nonparties and the rules plainly state that a defendant in default is a party); *cf. Johnson*, 436 F. App'x at 942-943 (discussing the district court's enforcement of a notice of deposition and other discovery requests directed to a defaulted party). Currently, Martie's deadline to file her motion for class certification is May 24, 2021. (Doc. 23). To keep this matter on track, M&M Bedding is directed to construe the previously served document subpoena as a request for production and respond to it by April 8, 2021.

Accordingly, the Motion to Set Aside Clerk's Default and for Leave to Respond to Complaint (Doc. 15) is **DENIED**. By April 8, 2021, M&M Bedding will respond to Martie's subpoena for documents as if it were a request for production.

**DONE** and **ORDERED** in Fort Myers, Florida on March 25, 2021.

*/s/ Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE